IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE L. HERNANDEZ-PALOMARES, § <br> TDCJ No. 2024801, § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> DIRECTOR, TDCJ-CID, § <br> § <br> Respondent. § | | No. 3:19-cv-631-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

"Following a bench trial, [Petitioner] Jorge Luis Hernandez-Palomares [(Hernandez)] was convicted of the lesser-included offense of aggravated sexual assault of a child, and sentenced to serve a twenty-five year prison sentence." *Hernandez-Palomares v. State*, No. 08-15-00312-CR, 2017 WL 4277308, at *1 (Tex. App. – El Paso, no pet.), *aff'g State v. Hernandez-Palomares*, No. F14-32887-R (265th Jud. Dist. Ct., Dallas Cnty., Tex.). This judgment was affirmed on appeal. *See generally id.* And the Texas Court of Criminal Appeals (the CCA) denied Hernandez's application for state habeas relief without written order on the findings of the trial court without a hearing. *See Ex parte Hernandez-Palomares*, WR-89,316-01 (Tex. Crim. App. Jan. 9, 2019) [Dkt. No. 11-1 at 3]; *see also* Dkt. No. 11-1 at 12-16 (applicable excerpt from the trial court's findings of fact and conclusions of law and counsel's response to the state petition).

Hernandez then filed a timely *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, *see* Dkt. No. 3, which United States District Judge David C.

Godbey referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The State responded. *See* Dkt. No. 11. And Hernandez replied. *See* Dkt. No. 14.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

## Applicable Background

In October of 2012, a parent of a fifth grader went to elementary school counselor Regina Day to report his concerns about the well-being of R.C. due to information he received from his own daughter. Day informed the parent she would follow up with R.C. to ensure her safety. Before the school day ended, Day pulled R.C. out of her fifth-grade class to have a conversation. Day testified at trial that R.C., who was then ten years old, provided her with "several details" that caused her to be concerned. Day notified the school resource officer and R.C. was taken for an interview to the Irving Family Advocacy Center (the center), a crisis intervention and support center. At the center, R.C. met with forensic investigator Patricia Guardiola, who testified at trial about this interview. Guardiola testified that R.C. described a criminal act by informing her of touches of her, on more than one occasion, by Appellant. More specifically, Guardiola testified that R.C. described an incident when she was nine years old when Appellant placed his hand or finger inside her vagina while applying a temporary tattoo on her leg. When Guardiola asked R.C. how she knew Appellant had placed his hand or finger inside her body, Guardiola responded by explaining that R.C. felt his cold hand. Guardiola also testified that R.C. described another incident when she was seven years old. "She talked about being on the bed watching TV and [Appellant] came into the room with a blanket.... He got next to her, covered her, and then put his hands inside her pants, inside her underwear, and touched-rubbed the outside of her vagina with his hand."

In June of 2013, Detective Stephen Lee of the Irving Police Department interviewed Appellant with the assistance of an interpreter who translated from Spanish to English, and the interview was recorded. Detective Lee testified "I thought at one point he admitted there was some type of penetration of the sexual organ." Lee asked Appellant how many times he had touched R.C. in a sexual manner and Appellant gave a final answer of twice. Karina Espinoza, who served as the interpreter of Detective Lee's questioning of Appellant, also testified

that Appellant was asked "whether or not he used his hand to touch her private part or her vagina?" Espinoza testified that Appellant responded in the affirmative.

At trial, R.C. testified differently than how Guardiola described her earlier interview at the center. Although R.C. recalled speaking with a lady at the center, and promising to tell the truth, she said she did not recall telling Guardiola that Appellant had touched her. On cross-examination, when asked if she might have exaggerated, R.C. responded in the affirmative. R.C. further testified that her mother and sisters missed Appellant, that they would like for him to come home, and that she did not want her brothers growing up without a father.

Appellant was originally charged with continuous sexual abuse of a young child pursuant to Texas Penal Code section 21.02. Appellant waived his right to a jury trial. After a two-day trial, Appellant was found guilty of the lesser-included offense of aggravated sexual assault of a child under fourteen, and sentenced to confinement for twenty-five years. The trial court certified Appellant's right to appeal.

*Hernandez-Palomares*, 2017 WL 4277308, at \*1-\*2 (footnotes omitted).

## Legal Standards and Analysis

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). This is because, "[u]nder AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam).

Hernandez now challenges his state sentence under federal law based on the alleged ineffective assistance of his trial counsel (IATC), asserting that his Sixth Amendment right to effective assistance was violated because counsel failed to investigate and interview witnesses, failed to object to hearsay statements by the

- 3 -

prosecutor during the questioning of R.C., and abandoned him after Hernandez moved for a new trial. Hernandez also argues that he is actually innocent because R.C. still maintains her trial testimony.

I.   Hernandez's claim of actual innocence is not cognizable.

Insofar as Hernandez brings a stand-alone, substantive claim of "actual innocence," such a claim is not recognized as an independent ground for federal habeas relief and should therefore be denied. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993))); *see also, e.g.*, *House v. Bell*, 547 U.S. 518, 554-55 (2006); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *cf. Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

The Court should therefore deny this ground for federal habeas relief.

II.  Hernandez fails to show that the state court unreasonably adjudicated his IATC claims.

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The statute therefore "restricts the power of federal courts to grant writs of habeas corpus based on claims that were 'adjudicated on the merits' by a state court," *Shinn*, 141 S. Ct. at 520 (citation omitted). And, "[w]hen a state court has applied clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Further, "[u]nder § 2254(d)," the reasonableness of the state court decision – not whether it is correct – "is '"the only question that matters."'" *Id.* at 526 (quoting *Richter*, 562 U.S. at 102); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to

be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)"). And nothing "in AEDPA or [the Supreme] Court's precedents permit[s] reduced deference to merits decisions of lower state courts." *Shinn*, 141 S. Ct. at 524 n.2 (citing 28 U.S.C. § 2254).

Starting with Section 2254(d)(1), a state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

As noted above, "[f]or purposes of § 2254(d)(1), an unreasonable application of

federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue

the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude

that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination.... In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942. Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court

is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

The Court reviews the merits of properly exhausted IATC claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioner "'must show that counsel's performance'" – "'strongly presume[d to be] good enough'" – "'was [1] objectively unreasonable and [2] prejudiced him.'" *Coleman v. Vannoy*, 963 F.3d 429, 432 (5th Cir. 2020) (quoting *Howard v. Davis*, 959 F.3d 168, 171 (5th Cir. 2020)).

To count as objectively unreasonable, counsel's error must be "so serious that

- 10 -

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)). "And to establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Strickland*, 466 U.S. at 694).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at 689)).

And, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a

state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105); *see also Sanchez*, 936 F.3d at 305 ("As the State rightly puts it, we defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'" (quoting *Rhoades*, 852 F.3d at 434)).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-

12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IATC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010); *Adekeye*, 938 F.3d at 682.

Where the state court has adjudicated claims of ineffective assistance on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *compare Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)), *with Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."); *see also Canfield v. Lumpkin*, ___ F.3d ___, No. 18-10431, 2021 WL 2024940, at *3 (5th Cir. May 21, 2021) ("*Strickland* … imposes a high bar on those alleging ineffective assistance of counsel. But 28 U.S.C. § 2254(d) … raises the bar even higher."); *cf. Shinn*, 141 S. Ct. at 525 ("recogniz[ing] the special importance of the AEDPA framework in cases involving *Strickland* claims," since "[i]neffective-assistance claims can function 'as a way to escape rules of waiver and forfeiture,' and they can drag federal courts into resolving questions of state law"

(quoting *Richter*, 562 U.S. at 105)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation omitted).

In sum, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See Richter*, 562 U.S. at 101-02. Instead, on federal habeas review of a *Strickland* claim fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see Canfield*, 2021 WL 2024940, at *3 (Federal courts "review state-court adjudications for errors 'so obviously wrong' as to lie 'beyond any possibility for fairminded disagreement,'" presuming the state court "findings of fact to be correct." (footnotes omitted)).[1]

---

[1] *See also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court

- 14 -

In his first IATC claim, Hernandez assets that his trial counsel's failure to interview his brother, his pastor, his father-in-law, the victim, and the victim's mother violated his constitutional right to effective assistance. The CCA denied this claim on the trial court's findings:

> Applicant asserts that trial counsel failed to investigate and interview eye witnesses to the offense and that he requested the witnesses be contacted by trial counsel. Applicant does not state the names of the witnesses in his application but refers the court to his affidavit (Exhibit A to his memorandum). Therein, Applicant names: Maria Cervantes, Rose Cervantes and Federico Sanchez, Roberto Hernandez and Gonzalo Camarillo. Applicant does not state what testimony the witnesses would have provided. [Trial counsel] states that Applicant did not provide a list of witnesses but that [counsel] spoke with Applicant's wife. [Counsel] states that Applicant's wife "vacillated between believing and not believing her daughter's accusation."
> ….
> Applicant has failed to prove that he received ineffective assistance of counsel.
> Applicant did not prove that counsel's representation fell below an objective standard of reasonableness. Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed.

---

and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Adekeye*, 938 F.3d at 683-84 ("The Supreme Court standard on prejudice is sharply defined: 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' [A petitioner] must show it was 'reasonably likely' the jury would have reached a different result, not merely that it could have reached a different result. The Court reaffirmed this point in *Richter*: 'The likelihood of a different result must be substantial, not just conceivable.' Now layer on top of that the habeas lens of reasonableness. [Where] the state court ha already adjudicated [a petitioner's] ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is 'not only incorrect but "objectively unreasonable."'" Put differently, [he] must show that every reasonable jurist would conclude that it is reasonable likely that [a petitioner] would have fared better at trial had his counsel conducted [himself differently]. 'It bears repeating,' the Supreme Court emphasized in *Richter*, 'that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" (footnotes omitted)).

Dkt. No. 11-1 at 12, 14.

Attached to Hernandez's Section 2254 application are affidavits from R.C., Roberto Hernandez, Federico Hernandez, and Gonzalo Camarillo, setting out the testimony that they would have provided had they been called. *See* Dkt. No. 3 at 14-21. Of these, only two are dated. And both were signed after the CCA denied Hernandez's state habeas application. *See id.* at 17, 19. Thus, as the State argues – and the undersigned's review of the state record confirms – these affidavits were not included in that record. So this Court may not consider them now. *See Pinholster*, 563 U.S. at 181 ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); *cf. Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (finding that a district court erred by relying on evidence obtained from a hearing conducted under 28 U.S.C. § 2254(e)(2) "to conclude that the state habeas court had unreasonably applied *Strickland*" and that the petitioner must instead "overcome the limitation of § 2254(d)(1) on the record that was before the state court'" (quoting *Pinholster*, 563 U.S. at 185)).

And Hernandez has not shown that the CCA's denial of this IATC claim was unreasonable on the record before the state court. This is particularly so considering that

> "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." "To prevail ... the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."

*Nelson v. Davis*, 952 F.3d 651, 669 (5th Cir. 2020) (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

Hernandez next argues that his trial counsel performed below the threshold of constitutional effectiveness by not objecting to the prosecution's use of hearsay statements in the questioning of R.C.

The state court addressed this and a related claim:

> Applicant asserts that counsel failed to object to the prosecutor's hearsay statement implicating him for the offense and failed to object to the interpreter's improper interpretation. While Applicant cites to the record, he fails to state the specific statements in his application. In his memorandum, Applicant asserts that the prosecutor "forced answered [sic] questions on the witness." Applicant makes no further explanation of what statements he alleges the prosecutor made that were improper.

Dkt. No. 11 at 12-13; *see id.* at 14 (finding that this claim fails).

The adjudication of this claim is also not unreasonable considering its conclusory nature. A "conclusory statement alone is insufficient for petitioner to prove the threshold standard to overcome the AEDPA bar and obtain federal habeas relief." *Tuckness v. Davis*, No. 2:16-cv-188-D, 2019 WL 1930038, at *4 (N.D. Tex. Mar. 22, 2019) (footnote omitted), *rec. adopted*, 2019 WL 1923851 (N.D. Tex. Apr. 30, 2019); *cf. Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) ("It is clear that Sayre's conclusory speculation about the effect of the unidentified favorable witness' testimony falls far short of the prima facie showing of prejudice necessary for the evidentiary hearing Sayre requests." (citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983))).

Finally, Hernandez alleges that his trial counsel abandoned him, thus violating his Sixth Amendment right to effective assistance. But this claim is not

consistent with the record. And its adjudication was not unreasonable.

As the state habeas court explained,

> [t]he trial court mistakenly circled "Granted" on the Motion for New Trial. The trial court intended to sign "Overruled." The Notice of Appeal was filed on the same date as the Motion for New Trial. The Notice of Appeal appointed appellate counsel to represent Applicant. The trial court finds that [Hernandez's trial counsel] did not know of the trial court's mistake in granting the Motion for New Trial and thus, did not know, he needed to proceed. Further, appellate counsel had been appointed for Applicant simultaneously.

Dkt. No. 11-1 at 13.

In sum, applying the deferential *Strickland* standards through the deferential lens of AEDPA to the state court findings, Hernandez has not shown that the CCA's denial of any ground that he asserts as to why his trial counsel's representation violated the Sixth Amendment amounts to either "an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)); *see also, e.g.*, *Rhodes*, 852 F.3d at 432, 434; *Sanchez*, 936 F.3d at 305.

The Court should therefore deny the IATC claims.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE